THE STATE OF MONTANA, Plaintiff and Respondent, v.
SONJA MARTIN and FRED MARTIN, Defendants and
Appellants.

No. 11051.
Submitted March 10, 1966. Decided June 29, 1966.
416 P.2d 22.

Sonja and Fred Martin, pro se.

Harold J. Pinsoneault, County Atty., Missoula, Forrest H.
Anderson, Atty. Gen., for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the
Opinion of the Court.

The defendants in these two appeals filed with this court a record on appeal without benefit of counsel. Such record was incomplete and appeared to cover solely the appeal of Sonja Martin, though certain papers were included which concerned the appeal of Floyd Martin. On February 16, 1965, by order we notified the defendants that it would be necessary to employ counsel to appear and argue before this court, or, in the alternative, they could submit the matter on the record before the court and waive argument. Pursuant to such order, the court was advised by the defendants that they wished their cases to be submitted on the record and each waived argument. We then issued an order on March 10, 1966, notifying the attorney general to proceed in the cases, he having previously been advised to await response from the defendants before proceeding.

On March 14, 1966, the attorney general filed motions to dismiss the appeals for the following reasons: (1) Appeals not taken within the time provided by law; (2) No notice of appeal filed or served; (3) No proper record on appeal filed; and (4) No papers on the appeals were served upon either the county attorney or the attorney general.

The record reveals that complaints were filed in Justice Court on April 19, 1965, charging each defendant with a misdemeanor. After jury trials in which defendants represented themselves they were each found guilty and each appealed to the district court. The district court set both cases for trial on September 27, 1965, at 10 o'clock A.M., and defendants were notified. However neither appeared at the time set, relying upon a newspaper article which indicated another trial was going on. The cases were called by the court and there being no appearance the court dismissed the appeals to the district court and remanded the cases to the Justice Court. The defendants then filed motions for reconsideration which were denied.

On October 6, 1965, defendants requested additional time

to prepare an appeal; on November 7, 1965, they again requested additional time in order to obtain legal counsel to help them with their appeal. On December 6, 1965, they filed a record on appeal in this court. No briefs were ever filed by defendants.

Turning now to the motion to dismiss these appeals. The orders which were attempted to be appealed from were entered by the district court on September 27 and 29, 1965. R.C.M. 1947, § 94-8105, provides: "An appeal from a judgment may be taken within six months after its rendition, and from an order within sixty days after it is made." Nothing was filed in this court within the sixty day period, but a purported notice of appeal dated October 1, 1965, appears in the appeal record filed in this court on December 6, 1965. This notice is directed to the justice of the peace, with copies noted to the Chief Justice of this court, the District Judge and the County Attorney. This notice does not in any manner comply with section 94-8106, R.C.M.1947, and as far as can be ascertained from the record here it was never filed with the clerk of the district court.

Since no notice of appeal was filed with the clerk of the district court, section 94-8112, R.C.M.1947, providing for the transmission of the record on appeal by the clerk was not complied with and none of the documents filed by the defendants are certified by the clerk. Section 94-8202, R.C.M.1947, provides:

*"Dismissed for want of a return.* The court may also, upon like motion, dismiss the appeal, if the transcript is not made as provided in section 94-8112, unless for good cause they enlarge the time for the purpose."

Finally, the rules of this court provide that in criminal matters copies of the record on appeal shall be served upon both the attorney general and the county attorney and no such services were ever made. Thus, it appears that the grounds of the motion of the attorney general are well-taken.

However, since defendants appeared without counsel we have examined the record on appeal to ascertain if the ap-

peal had merit. As to the order of September 27, 1965, dismissing the appeals of the defendants and remanding the cases to the justice court, under the facts here existing it was clearly within the discretion of the district court. The trials had been set and defendants notified. The court called each of the cases for trial at 10:00 a.m., again at 10:15 a.m., and again at 11:00 a.m., and the Clerk's office was contacted to see if there was any word from the defendants. In these circumstances the court was justified in dismissing the appeals.

Each of the defendants filed a motion for reconsideration in which it was stated that the moving defendant had gone to his or her employment on Monday morning, September 27, 1965, because of the belief that the case was postponed until Tuesday, September 28, 1965, by reason of articles which appeared in the daily newspaper on Saturday, September 25, 1965. These articles stated that testimony would resume Monday morning in a land condemnation trial which had begun on Thursday, and the other was with respect to jurors being requested to report before the district judge on Tuesday that had been asked previously to report on Monday. Each defendant averred that from these items in the newspaper they believed no action could be taken on their case on Monday and they needed their daily wages from their employment.

The court in its order of September 29, 1965, denied the motion for reconsideration, noting that defendants after receipt of notice of the trial did not contact the clerk regarding the issuance of subpoenas for witnesses or for any other purpose; that defendants had made no showing that they had been harmed because they were innocent; and that nothing had been presented by the defendants to move the discretion of the court to reconsider. It is our view that this motion was addressed to the sound discretion of the court and we fail to observe any showing that the sound discretion of the court was arbitrarily exercised.

For these reasons we fail to observe any merit to the appeal

552

and the motion to dismiss of the attorney general being well taken the same is granted and the appeals of Sonja Martin and Floyd Martin are, and each thereof is, hereby dismissed.

MR. JUSTICES JOHN CONWAY HARRISON, DOYLE, CASTLES and ADAIR concur.